BENJAMIN MONES, LOUIS J. MONES, MICHAEL MEISEL, MEYER MONES AND JACOB B. MONES, CO-PARTNERS, TRADING AS PHILADELPHIA MAGNESIA COMPANY, PLAINTIFFS-APPELLEES, v. IMPERIAL BOTTLING WORKS, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Submitted May 15, 1936—Decided June 4, 1936.

Before Justices Bodine and Heher.

For the defendant-appellant, *David M. Litwin*.

For the plaintiffs-appellees, *Albert B. Melnik*.

Per Curiam.

Plaintiff sued and had judgment for the price of a quantity of magnesia sold to the defendant for resale. The Uniform Sales act of this state (4 *Comp. Stat.*, p. 4651, § 2, ¶ 15), provides that: "Where the goods are bought by description from a seller who deals in goods of that description (whether he be the grower or manufacturer or not) there is an implied warranty that the goods shall be of merchantable quality." The law of Pennsylvania is identical. 55 *Corp. Jur.* 45, *note* 24.

The proofs indicate that the magnesia in question was sold by description and not by trade name and did not comply with the formula required by the United States pharmacopœia, since the standard therein stated was fifty-six per cent., whereas the magnesia in question was but approximately forty per cent.

Defendant was convicted of the violation of the Food and Drugs act of this state, by reason of the sale of part of the drugs for which the plaintiff had recovery. It seems, therefore, that the goods did not comply with the implied warranty of merchantability. Certainly, a dealer who purchases for resale cannot be said to be without warranty, if the goods which he purchases cannot be resold without violating the law of this state. It seems equally clear that a drug of less strength than required by law was adulterated even though not harmful.

The judgment must be reversed, with costs.